UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIMMY L. VILLAREAL,<br><br>      Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN,<br>Acting Commissioner of Social Security,<br><br>      Defendant. | Case No. EDCV 12-01640-JEM<br><br>AMENDED MEMORANDUM OPINION AND ORDER AFFIRMING DECISION OF THE COMMISSIONER OF SOCIAL SECURITY |

**PROCEEDINGS**

On October 3, 2012, Jimmy L. Villareal ("Plaintiff" or "Claimant") filed a complaint seeking review of the decision by the Commissioner of Social Security ("Commissioner") denying Plaintiff's applications for Social Security Disability Insurance benefits and Supplemental Security Income benefits. The Commissioner filed an Answer on January 23, 2013. On April 12, 2013, the parties filed a Joint Stipulation ("JS"). The matter is now ready for decision.

Pursuant to 28 U.S.C. § 636(c), both parties consented to proceed before this Magistrate Judge. After reviewing the pleadings, transcripts, and administrative record ("AR"), the Court concludes that the Commissioner's decision must be affirmed and this case dismissed with prejudice.

/ / /

## BACKGROUND

Plaintiff is a 44-year-old male who applied for Social Security Disability Insurance benefits and Supplemental Security Income benefits on July 2, 2009. (AR 28.) The ALJ determined that Plaintiff has not engaged in substantial gainful activity since October 8, 1994, the alleged onset date of his disability. (AR 31.)

Plaintiff's claims were denied initially on October 28, 2009, and on reconsideration on March 12, 2010. (AR 28.) Plaintiff filed a timely request for hearing, which was held before Administrative Law Judge ("ALJ") Mason D. Harrell, Jr. on May 4, 2011, in San Bernardino, California. (AR 28.) Claimant appeared and testified at the hearing and was represented by counsel. (AR 28.) Medical expert ("ME") Dr. Michael E. Kania and vocational expert ("VE") Corinne J. Porter also appeared and testified at the hearing. (AR 28.)

The ALJ issued an unfavorable decision on June 3, 2011. (AR 28-40.) The Appeals Council denied review on August 8, 2012. (AR 1-6.)

## DISPUTED ISSUES

As reflected in the Joint Stipulation, Plaintiff raises only the following disputed issue as a ground for reversal and remand:

1.  Whether the VE's testimony constitutes substantial evidence.

## STANDARD OF REVIEW

Under 42 U.S.C. § 405(g), this Court reviews the ALJ's decision to determine whether the ALJ's findings are supported by substantial evidence and free of legal error. Smolen v. Chater, 80 F.3d 1273, 1279 (9th Cir. 1996); see also DeLorme v. Sullivan, 924 F.2d 841, 846 (9th Cir. 1991) (ALJ's disability determination must be supported by substantial evidence and based on the proper legal standards).

Substantial evidence means "'more than a mere scintilla,' but less than a preponderance." Saelee v. Chater, 94 F.3d 520, 521-22 (9th Cir. 1996) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson, 402 U.S. at 401 (internal quotation marks and citation omitted).

2

This Court must review the record as a whole and consider adverse as well as supporting evidence. Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006). Where evidence is susceptible to more than one rational interpretation, the ALJ's decision must be upheld. Morgan v. Comm'r of the Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999). "However, a reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins, 466 F.3d at 882 (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)); see also Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007).

## THE SEQUENTIAL EVALUATION

The Social Security Act defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or . . . can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Commissioner has established a five-step sequential process to determine whether a claimant is disabled. 20 C.F.R. §§ 404.1520, 416.920.

The first step is to determine whether the claimant is presently engaging in substantial gainful activity. Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). If the claimant is engaging in substantial gainful activity, disability benefits will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987). Second, the ALJ must determine whether the claimant has a severe impairment or combination of impairments. Parra, 481 F.3d at 746. An impairment is not severe if it does not significantly limit the claimant's ability to work. Smolen v. Chater, 80 F.3d 1273, 1290 (9th Cir. 1996). Third, the ALJ must determine whether the impairment is listed, or equivalent to an impairment listed, in 20 C.F.R. Pt. 404, Subpt. P, Appendix I of the regulations. Parra, 481 F.3d at 746. If the impairment meets or equals one of the listed impairments, the claimant is presumptively disabled. Bowen v. Yuckert, 482 U.S. at 141. Fourth, the ALJ must determine whether the impairment prevents the claimant from doing past relevant work. Pinto v. Massanari, 249 F.3d 840, 844-45 (9th Cir. 2001).

Before making the step four determination, the ALJ first must determine the claimant's residual functional capacity ("RFC"). 20 C.F.R. § 416.920(e). Residual functional capacity ("RFC") is "the most [one] can still do despite [his or her] limitations" and represents an assessment "based on all the relevant evidence." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The RFC must consider all of the claimant's impairments, including those that are not severe. 20 C.F.R. §§ 416.920(e), 416.945(a)(2); Social Security Ruling ("SSR") 96-8p.

If the claimant cannot perform his or her past relevant work or has no past relevant work, the ALJ proceeds to the fifth step and must determine whether the impairment prevents the claimant from performing any other substantial gainful activity. Moore v. Apfel, 216 F.3d 864, 869 (9th Cir. 2000). The claimant bears the burden of proving steps one through four, consistent with the general rule that at all times the burden is on the claimant to establish his or her entitlement to benefits. Parra, 481 F.3d at 746. Once this prima facie case is established by the claimant, the burden shifts to the Commissioner to show that the claimant may perform other gainful activity. Lounsburry v. Barnhart, 468 F.3d 1111, 1114 (9th Cir. 2006). To support a finding that a claimant is not disabled at step five, the Commissioner must provide evidence demonstrating that other work exists in significant numbers in the national economy that the claimant can do, given his or her RFC, age, education, and work experience. 20 C.F.R. § 416.912(g). If the Commissioner cannot meet this burden, then the claimant is disabled and entitled to benefits. Id.

## THE ALJ DECISION

In this case, the ALJ determined at step one of the sequential process that Plaintiff has not engaged in substantial gainful activity since October 8, 1994, the alleged onset date. (AR 31.)

At step two, the ALJ determined that Plaintiff has the following combination of medically determinable severe impairments: status post gunshot wound; major depressive disorder; post-traumatic stress disorder; antisocial personality traits; heroin and cocaine dependence. (AR 31.)

4

At step three, the ALJ determined that, if Claimant stopped his substance use, he would not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (AR 34-35.)

The ALJ then found that, if Plaintiff stopped his substance abuse, Plaintiff would have the residual functional capacity ("RFC") to perform a range of medium work with the following limitations:

> Claimant can lift and/or carry 25 pounds frequently and 50 pounds occasionally; sit, stand, and/or walk for six hours out of an eight-hour workday. Claimant is limited to simple, repetitive tasks and non-intense, superficial interactions with co-workers and supervisors. Claimant is precluded from detailed instructions or tasks, contact with the public, being responsible for safety operations and hypervigilance. Claimant would miss two days of work a month.

(AR 35-39.) In determining the RFC, the ALJ made an adverse credibility determination. (AR 35-36.)

At step four, the ALJ found that Plaintiff has no past relevant work. (AR 33, 39.) The ALJ also found that, considering Claimant's age, education, lack of work experience, and RFC, there would be a significant number of jobs in the national economy that Plaintiff could perform, including linen room attendant and industrial cleaner, if Claimant stopped his substance abuse. (AR 39-40.)

Consequently, the ALJ determined that Claimant is not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of the ALJ's decision. (AR 40.)

## DISCUSSION

**I.  THE ALJ AND APPEALS COUNCIL PROPERLY CONSIDERED THE VE TESTIMONY**

The ALJ decision and Appeals Council denial of review must be affirmed. The ALJ properly considered the VE testimony. Subsequent to the ALJ's decision, Claimant presented

new jobs evidence challenging the VE's testimony to the Appeals Council for the first time. The Appeals Council did not err in declining to review the ALJ's decision.

### A. Relevant Federal Law

The Commissioner bears the burden at step five of the sequential process to prove that Plaintiff can perform other work in the national economy, given his RFC, age, education, and work experience. 20 C.F.R. § 416.912(g); Silveira v. Apfel, 204 F.3d 1257, 1261 n.14 (9th Cir. 2000). There are two ways to meet this burden: (1) the testimony of a VE, or (2) reference to the Medical-Vocational Guidelines ("Grids"). Lounsburry, 468 F.3d at 1114; Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001). When a claimant suffers only exertional limitations, the ALJ must consult the Grids. Lounsburry, 468 F.3d at 1115. A nonexertional impairment, however, may limit the claimant's functional capacity in ways not contemplated by the Grids. Tackett v. Apfel, 180 F.3d 1094, 1002 (9th Cir. 1999). Thus, when a claimant suffers from both exertional and nonexertional limitations, the ALJ must first determine whether the Grids mandate a finding of "disabled." Id. at 1116; Cooper v. Sullivan, 880 F.2d 1152, 1155 (9th Cir. 1989). If so, the claimant will be awarded benefits. Cooper, 880 F.2d at 1155. If not, the ALJ must use the Grids as a framework for decision-making in determining how much the nonexertional limitations limit the range of work permitted by the exertional limitations. Tackett, 180 F.3d at 1102. In such instances, the ALJ must obtain the testimony of a vocational expert to determine if there are jobs in the national economy that the claimant can perform. Tackett, 180 F.3d at 1102; Osenbrock, 240 F.3d at 1162.

Typically, the best source of how a job is generally performed in the national economy is the Dictionary of Occupational Titles or "DOT." Pinto, 249 F.3d at 845. DOT raises a presumption as to job classification requirements. Johnson v. Shalala, 60 F.3d 1428, 1435 (9th Cir. 1995). An ALJ may accept vocational expert testimony that varies from DOT, but the record must contain "persuasive evidence to support the deviation." Id. The ALJ has an affirmative responsibility to ask whether a conflict exists between a VE's testimony and DOT. SSR 00-4p, 2000 WL 1898704, at *4 (S.S.A. Dec. 4, 2000); Massachi v. Astrue, 486 F.3d 1149,

1153 (9th Cir. 2007). If there is a conflict, the ALJ must obtain a reasonable explanation for the conflict and then must decide whether to rely on the VE or DOT Id.

An ALJ may rely on a VE's response to a hypothetical question containing all of a claimant's limitations found credible by the ALJ and supported by substantial evidence. Bayliss v. Barnhart, 427 F.3d 1211, 1217-18 (9th Cir. 2005.) The VE's testimony is substantial evidence. A VE's recognized expertise provides the necessary foundation for his or her testimony. Bayliss, 427 F.3d at 1218. No additional foundation is required. Id.

**B.     Analysis**

In this case, the ALJ could not rely on the Grids in making his step five determination because Claimant's non-exertional limitations eroded the unskilled medium occupational base. (AR 39.) Thus, the ALJ was required to take the testimony of a VE and did. (AR 39-40.) Corinne Porter was the VE who appeared and testified at the May 4, 2011 hearing. (AR 28, 63-64.) Plaintiff's counsel had no objection to Ms. Porter, did not contest her expertise and did not ask her any questions. (AR 50, 64.)

The VE asked a complete hypothetical to the VE containing all the limitations in the RFC. (AR 63.) The ALJ identified two representative jobs, linen room attendant (DOT 222.387-030) and industrial cleaner (DOT 381.687-018). (AR 39-40, 63). The VE testified that there were 2,000 linen room attendant jobs in the regional economy and 30,000 such jobs nationally. (AR 40, 63.) The VE also testified there were 50,000 industrial cleaner jobs regionally and 500,000 such jobs nationally. (AR 40, 63.) The VE further testified that there would be "many other jobs" as well. (AR 63.) The ALJ then had the following exchange with Ms. Porter:

> Q:     Do the jobs allow you to miss up to two days of work?
>
> A:     Yes, yes.

(AR 63.) The ALJ also testified her testimony was consistent with DOT. (AR 40, 63.)

Claimant did not challenge the VE's testimony at the hearing. Only after the ALJ decision was issued did Claimant present job evidence to the Appeals Council to challenge the VE's testimony that there were sufficient jobs Plaintiff could perform in the national economy that would permit Plaintiff to miss two days of work per month. (AR 248-281.) The Appeals

1  Council received this evidence and made it part of the record.  (AR 5.)  The Appeals Council
2  considered the new evidence but found no basis for changing the ALJ's decision.  (AR 1-3.)
3         Claimant's new evidence from Job Browser Pro (Skill Tran 2011) indicated that there
4  were only 76 linen room attendant jobs in the Riverside, San Bernardino and Ontario area
5  where Claimant resides, only 615 in California and only 5,655 nationally.  (AR 146.)
6  Additionally, this source indicated there were only 144 industrial cleaner jobs in the regional
7  economy, 1,809 in California and 18,454 nationally.  (AR 155.)  Claimant also presented the
8  declaration of a vocational expert, Dr. June Hagen, who indicated that most employers do not
9  allow unskilled employees to miss work two days a month.  Thus, Plaintiff contends that the
10 numbers of jobs that Job Browser Pro indicates are available would be eroded even further.
11 Based on Jobs Browser Pro jobs data and Dr. Hagen's Absenteeism Study, Plaintiff argues that
12 the VE's testimony and ALJ decision are not supported by substantial evidence.  A failure to
13 identify a significant number of jobs is legal error warranting remand.  Beltran v. Astrue, 676
14 F.3d 1203, 1206-07 (9th Cir. 2012), amended and superseded on denial of rehearing, 700 F.3d
15 386 (9th Cir. 2012.)

16        Plaintiff asserts that the VE's testimony uses an undisclosed methodology that does not
17 show the number of jobs in each occupation that would allow Claimant to miss work two days a
18 month.  Plaintiff argues that the Job Browser Pro data and Dr. Hagen's Absenteeism Study
19 contradict the VE's testimony.  There are a number of problems with Claimant's assertions.
20 First, the Jobs Brower Pro jobs data and Dr. Hagen's Absenteeism Study could have been
21 presented to the ALJ at the hearing, and Plaintiff offers no explanation for failing to do so.
22 Plaintiff cannot complain that the VE's methodology is undisclosed when his counsel had the
23 opportunity to cross-examine Ms. Porter on that issue but failed to do so.
24        Second, Plaintiff's contentions essentially ague that there is a lack of foundation for Ms.
25 Porter's job estimates.  Yet the Ninth Circuit in Bayliss expressly says the VE's expertise is
26 sufficient foundation and no further foundation is necessary.  427 F.3d at 1218.  Bayliss,
27 moreover, cited approvingly Johnson v. Shalala, 60 F.3d at 1435, which stated, "The Secretary
28 may take administrative notice of any reliable job information, including . . . the services of a

vocational expert."  The quote comes from Whitehouse v. Sullivan, 949 F.2d 1005, 1007 (8th Cir. 1991), cited by Johnson, which held the Secretary may take administrative notice of any reliable job information and may use the services of a VE.  See also 20 C.F.R. § 404.1566(d)-(e).  Whitehouse goes on to state, "The expert is only required to state his opinion as to the number of jobs available in the national economy to a person with the applicant's residual functional capacity, age, work experience, and education."  Id.

Third, Ms. Porter testified that there were "many other jobs" in the national economy that Claimant could perform.  (AR 63.)  Plaintiff never addresses this testimony in making arguments that the VE failed to identify a significant number of jobs in the national economy that Plaintiff can perform.

The ALJ decision, then, was consistent with Ninth Circuit authority and free of legal error.  So was the Appeals Council's denial of review.  There is no reason to believe that the Job Browser Pro data is the only source of job data or superior to others, and thus such data is not conclusive.  The same is true of Dr. Hagen's Absenteeism Study that looked only at 26 employers in different industries that Plaintiff does not say includes the ones at issue.  The Job Browser Pro data and the Absenteeism Study cannot override the Appeals Council's authority to rely on the VE's experience and expertise.  Also, Plaintiff never addresses the VE's testimony that there are "many other jobs" Plaintiff could perform in the national economy.  Were the Court to remand because Plaintiff presents evidence for the first time to the Appeals Council that could have been presented to the ALJ, every Claimant would be encouraged to do at the Appeals Council level what should have been done at the ALJ hearing.  Plaintiff, not the ALJ or Appeals Council, is responsible for the record before this Court.

Thus, the Court will not remand the ALJ decision based on Plaintiff's new evidence presented to the Appeals Council.  The ALJ decision is based on substantial evidence and free of legal error.  So is the Appeals Council's denial of review.

/ / /

/ / /

/ / /

**ORDER**

IT IS HEREBY ORDERED that Judgment be entered affirming the decision of the Commissioner of Social Security and dismissing this case with prejudice.

DATED: June 18, 2013

        */s/ John E. McDermott*
        JOHN E. MCDERMOTT
        UNITED STATES MAGISTRATE JUDGE